UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20343-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

BENITO DAVID ALVAREZ,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant Benito Alvarez's Letter Requesting to be Placed on Home Confinement, ECF No. [133] ("Motion"), filed on April 28, 2020. The Government filed its Response in Opposition, ECF No. [134] ("Response"), on May 12, 2020. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendant's Motion is denied.

**I. BACKGROUND**

On October 11, 2019, Defendant pleaded guilty to one count of possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). ECF No. [83]. Defendant was sentenced to a term of imprisonment of 46 months on December 20, 2019. ECF No. [111]. Currently, Defendant is housed at the Federal Detention Center ("FDC") in Miami, Florida, awaiting transfer to his designated institution. ECF No. [133] at 2. On April 28, 2020, Defendant filed the instant Motion requesting to be placed on home confinement pursuant to 18 U.S.C. § 3624(c)(2) due to the ongoing COVID-19 pandemic because his health conditions — namely, asthma and chronic bronchitis — put him at an increased risk of contracting the virus. ECF No. [133] at 1. As such, Defendant requests that he be permitted to serve the

remainder of his sentence in home confinement. *Id.* The Government opposes Defendant's request for placement in home confinement. *See* ECF No. [134].[1]

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 1,500,000 confirmed cases and over 91,500 reported deaths as of May 20, 2020.[2] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly

---

[1] Defendant first argues that he is eligible for placement in home confinement pursuant to 18 U.S.C. § 3624(c)(2) and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). ECF No. [133] at 1. Later in the Motion, however, Defendant states, "I know that there is also a motion for reduction off [sic] sentence due to the pandemic issued by the Attorney General Barr. I just ask to be placed on Home-confinement at least until I can be taken to my designated facility." *Id.* at 2. Defendant's Motion further notes that "[f]urlough is granted for movement of inmates who are camp status in the [Bureau of Prisons]. A furlough would allow me to transport myself to my designated facility." *Id.* Despite the lack of clarity regarding the relief requested, in its Response, the Government only addresses whether Defendant meets the criteria for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See generally* ECF No. [134]. Thus, while the Court construes Defendant's Motion as a request for placement in home confinement pursuant to § 3624(c)(2), it will nonetheless address the propriety of a sentence modification under § 3582(c)(1)(A) or a furlough pursuant to 18 U.S.C. § 3622(a) pending Defendant's transfer to his designated prison facility.

[2] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated May 20, 2020).

affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate, and does not encourage indiscriminate release. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently

been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant first requests that he be placed in home confinement pursuant to § 3624(c)(2). Section 3624(c)(2) states:

> Home confinement authority.—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

Moreover, the CARES Act expanded the BOP's authority under § 3624(c)(2):

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(2). "The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of house confinement." *United States v. Phillips*, No. 6:16-CR-198-Orl-28GJK, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020) (footnote omitted).

Based on the clear statutory language of 18 U.S.C. § 3624(c)(2) and § 12003(b)(2) of the

CARES Act, this Court has no authority to grant Defendant's request for placement in home confinement. Rather, § 3624(c)(2) grants the BOP with the exclusive authority to determine an inmate's place of confinement. "The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement. 'The Attorney General — and by delegation the BOP — has exclusive authority and *discretion* to designate the place of an inmate's confinement.'" *Phillips*, 2020 WL 2219855, at *1 (quoting *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *3 (W.D. Tex. Jan. 29, 2019)); *see also United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973, at *1 (N.D. Ala. Apr. 22, 2020) ("The BOP designates the place of defendant's imprisonment. The Court does not have authority to dictate placements to the BOP. While the CARES Act gives the BOP broad discretion to ***expand*** the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." (citing 18 U.S.C. § 3621(b); *United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006); *United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while the court can make a recommendation, the BOP retains the ultimate decision of whether to release an inmate to home confinement)) (quoting *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, *5 (D. Kan. Apr. 16, 2020))).

> It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release. The BOP is utilizing its authority under 18 U.S.C. [§ 3624(c)(2)] . . . — not the compassionate release provision of 18 U.S.C. § 3582(c) — to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. [This statute does] not authorize a federal court to order the BOP to release a prisoner. *See United States v. Calderon*, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); *see also United States v. Lovelace*, No. 12-402, 2014 WL 4446176, at *2 (N.D. Ga. Sept. [9,] 2014) ("[T]he Court has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house." (citing 18 U.S.C. §§ 3621(b) & (b)(5))).

5

*United States v. Collins*, No. CR 616-014, 2020 WL 2529487, at *1 (S.D. Ga. May 18, 2020) (footnote omitted); *United States v. Smith*, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020) ("[U]nder the CARES Act, the determination of whether inmates qualify for home confinement rests with the BOP Director, and the Court lacks authority to direct the BOP to release the defendant to home confinement[.]" (citing *United States v. Robles*, CR 3:17-343, 2020 WL 2306847, at *5 (M.D. Pa. May 8, 2020))).

Indeed, the CARES Act "has nothing to say about the district court's authority to order home confinement during the covered emergency period." *Daniels*, 2020 WL 1938973, at *2. Instead, "under the CARES Act, the BOP, through the Attorney General's delegation, retains the 'exclusive authority and sole discretion to designate the place of an inmate's confinement,' including home confinement." *Id.*; *see also de Jesus v. Woods*, No. 2:19-cv-121-WHA, 2019 WL 3326199, *4 (M.D. Ala. June 21, 2019) (BOP has the "exclusive authority and sole discretion" to place inmates in home confinement (quoting *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, *1 (E.D.N.C. Apr. 23, 2019))); *United States v. Campbell*, No. 3:12-CR-24 (CAR), 2014 WL 12911957, *1 (M.D. Ga. Sept. 17, 2014) ("Defendant's request to be placed on home confinement lies within the sole discretion of the BOP, and any order from this Court would merely be a recommendation to the BOP to consider placing Defendant in home confinement." (citing 18 U.S.C. § 3621(b))). Because the Court lacks authority to grant the requested relief under 18 U.S.C. § 3624(c)(2) and § 12003(b)(2) of the CARES Act, this request is denied.

Moreover, Defendant's request to be furloughed is equally unavailing for similar reasons. Specifically, § 3622(a) states:

> *The Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise

> appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to—
> 
> > (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of—
> > . . . .
> > (3) obtaining medical treatment not otherwise available; [or]
> > . . . .
> > (6) engaging in any other significant activity consistent with the public interest . . . .

18 U.S.C. § 3622(a) (emphasis added).

The statutory text explicitly states that the authority to grant a furlough is committed to the sole discretion of the BOP.

> As virtually every court to consider the question appears to have held, "[t]he statute could not be clearer as to whom it vests with the authority to grant temporary release. . . . [It] gives authority over temporary-release decisions 'to the Bureau of Prisons (BOP), not the federal courts.'" *In re Radcliff*, No. 12-1444, 2012 WL 5974172, at *1 (10th Cir. Nov. 28, 2012) (quoting *United States v. Premachandra*, No. 95-2871, 1996 WL 102567, at *1 (8th Cir. Mar. 8, 1996) (per curiam) (unpublished)) . . . . In short, it is up to the BOP, not this Court, to decide whether to grant [Defendant] temporary release pursuant to Section 3622.

*United States v. Roberts*, No. 18-CR-528-5, 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) (footnote omitted); *see also United States v. Daugerdas*, No. 09-CR-581, 2020 WL 2097653, at *5 (S.D.N.Y. May 1, 2020); *United States v. Park*, No. 16-CR-473, 2020 WL 1970603, at *5 (S.D.N.Y. Apr. 24, 2020) ("[T]he mechanism for granting temporary release — 18 U.S.C. § 3622(a) — lies solely in the BOP's hands, leaving the Court without any authority to grant [this] relief . . . ."); *United States v. Credidio*, No. 19-CR-111, 2020 WL 1644010, at *2 (S.D.N.Y. Apr. 2, 2020). Accordingly, Defendant's furlough request must also be denied.

Finally, the Court addresses Defendant's presumed request for release to home confinement under the compassionate release provision. Section 3582(c)(1)(A) provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—

7

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>>  . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find

that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Defendant's Motion requests that he be released to home confinement based on his underlying medical conditions, which he contends place him within the most at-risk demographic for contracting severe and potentially fatal cases of COVID-19. The Government opposes Defendant's Motion, arguing that the BOP has modified its operating procedures in order to effectively respond to the COVID-19 pandemic and that it has the capacity to properly address any outbreaks among inmates housed in federal facilities. Likewise, the Government maintains that Defendant's failure to exhaust his administrative remedies and the absence of any extraordinary or compelling circumstances compel the denial of his request.

As an initial matter, Defendant has failed to exhaust his administrative remedies with the BOP. As the Government correctly notes, Defendant has not submitted a request for a sentence modification or for compassionate release to the BOP. ECF No. [134] at 5. This failure to exhaust BOP remedies — or to even submit a request — alone is a sufficient basis to deny the Motion. However, even if Defendant had satisfied the exhaustion requirement, as explained below, he has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of forty-six months was appropriate in this case, in light of these § 3553(a) considerations. To date, Defendant has served less than 25% of that sentence. Moreover, aside from his stated medical conditions, which existed and were considered at the time of sentencing, Defendant has not provided any additional bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2062346, at *2 (S.D. Fla. Apr. 29, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence."); *United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago."). As such, the Court concludes that a modification of Defendant's sentence is unwarranted at this time.

Additionally, with regard to the "extraordinary and compelling reasons" test, Defendant is thirty-three years old and, as explained in his Motion, he suffers from asthma and chronic bronchitis. CDC guidance indicates that individuals with the following health conditions are at a

higher risk of contracting severe illness due to COVID-19: people with moderate to severe asthma, people with chronic lung disease, people with diabetes, people with serious heart conditions, people with chronic kidney disease, people with severe obesity, people with chronic liver disease, people who are immunocompromised, people over the age of sixty five, and people who live in a nursing home or long-term care facility.[3] The Court is sympathetic to Defendant's health conditions and his concerns regarding COVID-19 outbreaks in prison facilities, and notes that both of his medical conditions — i.e., asthma and chronic lung disease (here, bronchitis) — are risk factors that are designated in the CDC's guidance. However, the BOP website indicates that, to date, no inmates have tested positive for COVID-19. Likewise, Defendant does not allege that his health conditions are significantly deteriorating, and "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Thus, Defendant has not met his burden that extraordinary and compelling reasons exist to support his request for release to home confinement.[4] Therefore, Defendant's Motion is denied.

---

[3] *Groups at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020).

[4] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release to home confinement, the Court does not need to address the final consideration of

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [133]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 21, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Benito David Alvarez
58910-177
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101

---

whether Defendant poses a danger to the safety of others or to the community under to § 3142(g).