**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cr-20343-BLOOM**

UNITED STATES OF AMERICA,

Plaintiff,

v.

BENITO DAVID ALVAREZ,

Defendant.
_______________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant Benito David Alvarez's ("Defendant") Emergency Motion for Compassionate Release Pursuant to First Step Act 18 U.S.C. § 3582, ECF No. [157] ("Motion"). The Government filed a Response in Opposition, ECF No. [160] ("Response"). The Court has reviewed the Motion, all relevant submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendant's Motion is denied.

## I. BACKGROUND

On October 11, 2019, Defendant pleaded guilty to one count of conspiracy to possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846. ECF No. [83]. On December 20, 2019, Defendant was sentenced to a term of imprisonment of 46 months. ECF No. [111]. Currently, Defendant is housed at the Federal Detention Center ("FDC") in Miami, Florida, awaiting transfer to his designated institution. *See* ECF No. [157] at 7.

On April 28, 2020, Defendant requested to be placed on home confinement pursuant to 18 U.S.C. § 3624(c)(2) due to the ongoing COVID-19 pandemic because his health conditions put him at an increased risk of contracting the virus. ECF No. [133] ("First Motion"). On May 12,

2020, the Government filed a Response opposing Defendant's First Motion to be placed on home confinement. *See* ECF No. [134]. On May 21, 2020, the Court denied Defendant's First Motion after finding that Defendant failed to exhaust his administrative remedies and failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist. *See* ECF No. [135].[1]

On October 21, 2021, Defendant filed the instant Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) due to the ongoing COVID-19 pandemic. *See* ECF No. [157]. Defendant claims that his health conditions – namely, obesity, asthma, chronic bronchitis, and history of smoking – place him at an increased risk of contracting the virus and developing complications. *See id.* at 3. Defendant claims to have contracted COVID-19 while incarcerated. *See id.* at 6-7. Defendant does not state whether he exhausted all administrative remedies, but has attached a letter from Warden E. F. Carlton denying his request for compassionate release on November 9, 2020. *See id.* at 10.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States has 47,352,367 confirmed cases and 764,473 reported deaths as of November 17, 2021.[2] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

---

1 The Court construed Defendant's First Motion as a request for placement in home confinement pursuant to § 3624(c)(2). The Court nonetheless addressed the propriety of a sentence modification under § 3582(c)(1)(A) or a furlough pursuant to 18 U.S.C. § 3622(a) pending Defendant's transfer to his designated prison facility, due to the lack of clarity in Defendant's First Motion. *See* ECF No. [135] at 2, n.1.

2 *COVID Data Tracker*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#trends_dailytrendscases (last updated November 17, 2021).

As a result of this dynamic, unpredictable, and unprecedented situation, former Attorney General William Barr urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The former Attorney General made the express finding that extant emergency conditions are materially affecting BOP functioning and has directed the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## I. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'"

*United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief specifically under the compassionate release provision, § 3582(c)(1)(A), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
> > . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The existing policy statement provides that,

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.—**Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of

> the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018).

Although the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons," the Court of Appeals for the Eleventh Circuit recently decided that § 1B1.13 is applicable for all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and that courts do not have discretion to develop "other reasons" to justify a reduction in a defendant's sentence. *See United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

*First*, when the defendant brings the motion himself, the Court must ascertain

> whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

## II. DISCUSSION

In his Motion, Defendant requests compassionate release, arguing that his health conditions, including obesity, asthma, chronic bronchitis, and history of smoking, place him at risk of serious COVID-19 complications. *See generally* ECF No. [157]. The Government opposes the Motion, arguing that notwithstanding Defendant's medical conditions, he fails to present extraordinary and compelling reasons to warrant compassionate release because he has been fully vaccinated against COVID-19 and the § 3553(a) factors do not support release. *See generally* ECF No. [160]. Upon review and consideration, the Court concludes that Defendant does not present circumstances warranting compassionate release.

As an initial matter, the Government agrees and the Court separately finds that Defendant has exhausted his administrative remedies. *See* ECF No. [157] at 10; *see also* ECF No. [160] at 6 ("the government acknowledges that Alvarez has exhausted his administrative remedies"). However, as explained below, Defendant fails to demonstrate that extraordinary and compelling circumstances exist in this case.

Recently updated CDC guidance indicates that the following health conditions can make adults of any age more likely to become severely ill due to COVID-19: cancer; chronic kidney disease; chronic liver disease; chronic lung diseases, including asthma (moderate to severe); dementia or other neurological conditions; diabetes (type 1 or type 2); Down syndrome; heart conditions, such as heart failure, coronary artery disease, cardiomyopathies, or hypertension; HIV infection, immunocompromised state (weakened immune system); mental health conditions; overweight and obesity; pregnancy; sickle cell disease or thalassemia; current or former smoking; solid organ or blood stem cell transplant; stroke or cerebrovascular disease; substance use disorders; and tuberculosis.[3] The Court recognizes that Defendant suffers from several conditions designated by the CDC as increasing the possibility of severe illness from COVID-19.

However, in keeping with § 1B1.13,[4] in order for Defendant's medical conditions to provide justification for compassionate release, the Court must find that Defendant is either suffering from a terminal illness, or that his serious physical or medical condition, or serious functional or cognitive impairment, substantially diminishes his ability to provide self-care and from which he is not expected to recover. *See* U.S. Sent'g Guidelines Manual § 1B1.13, cmt. 1(A).

---

3 *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021).

4 Recent Eleventh Circuit precedent in *United States v. Bryant* makes clear that this Court is strictly confined to consideration of only the circumstances described in the Sentencing Guidelines in determining whether extraordinary and compelling circumstances exist. 996 F.3d at 1248 (11th Cir. 2021).

Upon review of Defendant's Motion and his medical records, the Court concludes that the record does not support either finding under the Sentencing Guidelines. Defendant's medical records do not indicate that his conditions are terminal. Further, Defendant's medical records do not reflect that his treatment while incarcerated is inadequate to care for his medical needs.

Indeed, Defendant's medical records show that while Defendant's asthma and bronchitis are chronic, he receives ongoing treatment and care. *See* ECF Nos. [161-2] (list of ongoing medical treatment for Defendant's asthma and chronic bronchitis); [161-3] (same). There is no indication in his medical records that his asthma, chronic bronchitis, and history of smoking render him unable to provide self-care. *See* ECF Nos. [161-2]; [161-3]. Furthermore, as the Government correctly argues, Defendant's medical records do not contain any diagnosis of obesity. *See* ECF Nos. [160] at 7; [161-2]; [161-3]. The Court is certainly sympathetic to Defendant's health conditions and his concerns regarding COVID-19 outbreaks in prison facilities. However, Defendant's medical records do not support the conclusion that he is unable to provide self-care or perform activities of daily living.

Moreover, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . .")). Defendant is now fully vaccinated against COVID-19, *see* ECF No. [161-2] at 47, and while the vaccine does not guarantee that he cannot contract the virus, it significantly decreases the likelihood that he will contract COVID-19. In sum, the medical records in this case reflect that Defendant is receiving adequate treatment for his medical conditions, and there is no

indication that his ability to provide self-care in the prison setting is significantly diminished. Defendant has therefore failed to establish that extraordinary and compelling circumstances exist that would warrant compassionate release.[5]

## II. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Emergency Motion for Compassionate Release Pursuant to First Step Act 18 U.S.C. § 3582, **ECF No. [157]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 19, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Benito David Alvarez
58910-177
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE

5 Because Defendant's Motion fails to establish any extraordinary and compelling circumstances under the compassionate release analysis, the Court need not address the remaining considerations under § 3553(a) or § 3142(g).